UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS BURKE, et al.,

                Plaintiffs,

                                              **Hon. Hugh B. Scott**

            v.                                       04CV308A

                                              **Report**
                                              **and**
MFC CONSTRUCTION CO.,                       **Recommendation**
M. FALGIANO CONSTRUCTION CO.,

                Defendants.

Before the Court is plaintiffs' motion for default judgment against defendant M. Falgiano Construction Co., and a motion for summary judgment against defendant MFC Construction Co. (Docket No. 24[1]). This case was referred to the undersigned for pretrial disposition, including considering dispositive motions, on July 6, 2004 (Docket No. 6).

The briefing schedule for these motions called upon plaintiffs to submit a statement of material facts or memorandum of law in support of summary judgment (as opposed to the memorandum in support of the default judgment, cf. Docket No. 24) required by local rule for their summary judgment motion, see W.D.N.Y. Loc. Civ. R. 56.1(a), 7.1(e), with plaintiffs filing these papers by November 30, 2006 (Docket No. 25). Responses to these motions were due by December 18, 2006, and any reply, was due by January 16, 2007. The motions were deemed submitted, without oral argument, on January 16, 2007. (Id.)

---

[1]In support of these motions, plaintiffs filed an attorney's declaration with exhibits (including a proposed default judgment order), Docket No. 24, memorandum of law in support of default judgment, Docket No. 24; memorandum of law in support of summary judgment, Docket No. 27, statement of facts, Docket No. 26.
     Defendants submitted no response in opposition.

## BACKGROUND

This is an action under the Employee Retirement Income Security Act ("ERISA"), as amended by the Multi-Employer Pension Plan Amendment Act of 1980, 29 U.S.C. §§ 1001-1461, by the trustees of a union pension fund against employers to collect withdrawal liability payments owed by defendant employers to the fund (see Docket No. 24, Pls. Memo. of Law in Support of Default Judg. at 1). Defendant MFC Construction Corporation ("MFC") withdrew from the pension plan and, on September 24, 2002, plaintiffs served a Notice and Demand for Payment of Withdrawal Liability (Docket No. 26, Pls. Statement ¶ 1). On or about June 27, 2003, MFC initiated an arbitration to challenge the assessment of withdrawal liability (id. ¶ 2, Ex. A), but did not pay for its interim liability. 29 U.S.C. § 1401(d) of ERISA requires the employer to make interim payments under the plan until the arbitrator decides the matter, Amalgamated Insurance Fund v. Steve Petix Clothier, Inc., No. 03 Civ. 4530, 32 Employee Benefit Cases (BNA) 2562, 2004 U.S. Dist. LEXIS 418 (S.D.N.Y. Jan. 15, 2004) (Docket No. 26, Pls. Statement ¶¶ 2, 3; Docket No. 24, Pls. Memo. at 4). Plaintiffs conclude that MFC should be ordered to make those interim payments (Docket No. 24, Pls. Memo. at 4; Docket No. 27, Pls. Memo. of Law in Support of Sum. Judg. at 2).

Plaintiffs filed their Complaint on April 20, 2004 (Docket No. 1). Plaintiffs alleged that MFC is the successor to M. Falgiano Construction (id. ¶ 9), that the corporations did not have independent existence from one another, and were alter ego corporations (id. ¶¶ 10-11; see also Docket No. 8, Pls. Reply to Counterclaim ¶¶ 3-5). Plaintiffs allege that MFC was formed to avoid the liability owed to plaintiffs here (Docket No. 1, Compl. ¶ 12).

MFC answered on July 2, 2004 (Docket No. 5), denying (in particular) plaintiffs' allegations about defendants' corporate nature (id. ¶¶ 9-11, 12), and asserting cross claims against M. Falgiano Construction Co. and counterclaims against plaintiffs (id.).  MFC denies in its counterclaim that it was an "employer" under ERISA (id. ¶ 41).  Plaintiffs filed their reply to the counterclaims (Docket Nos. 8, 9).

On July 8, 2004, plaintiffs requested the Court Clerk enter default against M. Falgiano Construction (Docket No. 7), which the Clerk so entered on July 16, 2004 (Docket No. 10).  A suggestion of bankruptcy by Jill A. Falgiano, a principal in one of the defendant companies[2], was filed on January 17, 2005 (Docket Nos. 15, 17).

Plaintiffs now move for default judgment against M. Fagliano Construction Co. for the entire amount of defendant's withdrawal liability, plus interest, an additional amount equal to interest, and plaintiffs' attorneys' fees and costs for bringing this action, 29 U.S.C. §§ 1132(g)(2), 1145, 1401(b)(1), 1401(d) (Docket No. 24, Pls. Memo. at 2).  They argue that defendant M. Falgiano Construction did not make withdrawal liability payments to the fund and did not timely seek to arbitrate the liability determination under the plan, hence under ERISA the amount claimed by plaintiffs "shall be due and owing," 29 U.S.C. § 1401(b) (id. at 3).  They also move for summary judgment against MFC for interim withdrawal liability payments (id. at 2, 4).

Defendants did not file a response to either motion.

---

[2]The record before this Court is unclear which corporation Falgiano is a principal of.

**DISCUSSION**

I.    Applicable Standards

    A.    Default Judgment

This Court must exercise sound discretion in determining whether a default judgment should be entered.  See Wing v. East River Chinese Restaurant, 884 F. Supp. 663, 669 (E.D.N.Y. 1995).  In order for the Court to enter a default judgment under Federal Rule of Civil Procedure 55, several factors need to be considered.  Factors include whether the movant is prejudiced by the default, whether the default is largely technical, and whether the grounds for default are clearly established or in doubt.  See 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2685, at 33-36 (Civil 2d ed. 1998).  The Court may also consider the harsh effect of a default judgment might have.  Id. at 37.  Finally, courts favor decisions on the merits rather than judgments on procedural defaults.  Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981).  Default cannot be issued against a party that has not been served, since the Court has not obtained jurisdiction over that party.

    B.    Summary Judgment Standard

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c).  The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.  In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant.

Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

     The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56.1(a), (b) (see Docket No. 25, Order requiring plaintiffs to file Rule 56.1 Statement). The movant is to submit facts in which there is no genuine issue, id. R. 56.1(a), while the opponent submits a statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56.1(b). "Each statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible, as required by Federal Rule of Civil Procedure 56(e)," with citations identifying "with specificity" the relevant page or paragraph of the cited authority, id. R. 56.1(d). All material facts stated in movant's statement that are not controverted by opponent's counter-statement shall be deemed admitted, id. R. 56.1(c). The purpose of these

statements, and the appendix of supporting evidence, id. R. 56.1(d), is to summarize and highlight for the Court the material factual issues, the authority in the evidentiary record for the purported facts, and whether the parties believe they are in dispute.

II.     Application

Here, plaintiffs seek withdrawal liability from defendants, either for the full amount of liability by default judgment against the non-appearing M. Falgiano Construction Co. or by partial summary judgment against MFC for the interim payment while MFC's arbitration was pending, with both of these defendants not responding to either motion. As for the default, plaintiffs contend that M. Falgiano Construction did not request plan sponsor review or arbitration of plaintiffs' claims and are thus statutorily bound to pay withdrawal liability (Docket No. 24, Pls. Memo. at 3). M. Falgiano Construction has not appeared therefore it is recommended that default judgment **be entered against it**.

As for the summary judgment motion, since MFC did not file a statement of contested material facts, see W.D.N.Y. Loc. Civ. R. 56.1(b), the facts in plaintiffs' statement (Docket No. 26) are deemed to be admitted, id. R. 56.1(c). Thus, MFC withdrew from the Buffalo Carpenters Pension Fund plan without making interim liability payments while initiating arbitration to challenge the assessment of withdrawal liability (id.). Section 4221(d) of ERISA, 29 U.S.C. § 1401(d), requires an employer who has sought arbitration of its withdrawal liability to make interim payments pursuant to the schedule contained in the plan until the arbitrator has entered his or her decision. Plaintiffs do not indicate that the arbitrator has entered a final decision. Therefore, judgment entered in their favor may require continuing obligation to make payments until the arbitrator does decide, but these payments are based upon a schedule pursuant

to the pension plan.  Summary judgment **should be granted to plaintiffs against defendant MFC**.

## CONCLUSION

For the reasons stated above, it is recommended that plaintiffs' motion for default judgment against defendant M. Falgiano Construction Co. (Docket No. 24) should be **granted** and plaintiffs' summary judgment motion against defendant MFC Construction Co. (Docket No. 24) should be **granted** as to the interim payment liability.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report and Recommendations to all parties.

**ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIC TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on <u>de novo</u> review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provision of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
January 29, 2007